IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FLORENCE K. BUTLER,<br>    *Plaintiff,* | §<br>§<br>§ | |
| v. | §<br>§<br>§ | CAUSE NO. 4:13-CV-01030 |
| TEXAS HEALTH AND HUMAN<br>SERVICES COMMISSION,<br>    *Defendant.* | §<br>§<br>§<br>§ | |

### DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT

Defendant Texas Health and Human Services Commission ("HHSC") files this Reply in Support of its Motion to Dismiss Plaintiff's Original Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

### I.
### INTRODUCTION

Plaintiff has responded to Defendant's Motion to Dismiss Plaintiff's Original Complaint (the "Motion") by filing a Response in which Plaintiff attempts to plead a cause of action that was not asserted in her Original Complaint. *See* Doc. 7, p. 2. Further, Plaintiff attempts to assert additional facts that are in contradiction with the already inadequate factual allegations in her Original Complaint. *Id*. at pp. 1-3. Additionally, Plaintiff has impermissibly attached supporting documentation to her Response not previously attached to her Original Complaint or referenced therein. *Id*. at pp. 5-9. Lastly, Plaintiff's Response wholly fails to rebut, or even address, any of the arguments raised in Defendants' Motion. Thus, for the reasons stated below and in

Defendants' Motion, this Court should grant HHSC's motion to dismiss and dismiss all of Plaintiff's claims with prejudice.

## II.
## ARGUMENT & AUTHORITIES

A.  **Plaintiff's Title VII Claims for Hostile Work Environment and Retaliation Should be Dismissed under Rule 12(b)(6)**

    1.    <u>Plaintiff May not use her Response Brief to Amend her Complaint</u>

In her Complaint, Plaintiff alleges that she was subjected to retaliation and discrimination in violation of Title VII.  Plaintiff alleges virtually no facts, except that she was "not potected [sic] from retaliation discrimination at work or from the continued harassment and hostile work environment when filing a worker's compensation claim," and that since filing a claim she has been "subjected to continued harassment and hostile work environment due to my race, religion, and age."  Complaint ¶ 1.  Accordingly, Defendant moved to dismiss for failure to state a claim.  Additionally, with respect to Plaintiff's retaliation claim, Defendant moved to dismiss on the basis that Plaintiff failed to exhaust administrative remedies and failed to timely file an EEOC charge.  Instead of addressing these issues in her Response, Plaintiff apparently decided to completely change the factual underpinning of her lawsuit.

Plaintiff's Complaint focuses entirely on the fact that she was retaliated against for filing a worker's compensation claim.  As noted in Defendant's Motion to Dismiss, "a workers' compensation claim is not a protected activity under Title VII."  *Jiminez v. Potter*, 211 Fed. Appx. 289, 290 (5th Cir. 2006).  Now, in her Response, Plaintiff asserts for the first time that she was retaliated against for filing an EEOC charge of discrimination. Doc. 7, pp. 1-2.  Nowhere does she mention her worker's compensation claim.  Furthermore, Plaintiff asserts for the first time in her Response a claim against Defendants under the Fair Labor Standards Act.  *Id*. at p. 2.

This claim is not mentioned in the Complaint.  Plaintiff provides no factual support for the claim in her Response.

Courts have consistently held that "the complaint may not be amended by the briefs in opposition to a motion to dismiss." *See Roebuck v. Dothan Sec., Inc.,* No. 12-60649, 2013 WL 697383, at *4 (5th Cir. Feb. 26, 2013) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)); *Thomas v. City of Galveston,* 800 F.Supp2d 826, 838 (S.D. Tex. 2011).  Plaintiff may not use her Response brief to re-write her original claims or assert new claims.  This Court should not consider Plaintiff's new cause of action, and should evaluate the merits of her Title VII claim based on the facts provided in her Complaint. [1]

To the extent the Court does consider Plaintiff's new factual allegations, her Title VII claims should nonetheless be dismissed.  Plaintiff does not detail any discrimination or retaliation that allegedly took place.  She asserts only that she was subjected to a hostile work environment based on her age, race, and religion, and that "despite complaining internally and externally through the EEOC, I have continued to be subjected to derogatory comments and behavioral [sic] by employment has not been corrected despite my continued complaints [sic]."  Doc. 7, p. 2.  Accordingly, even though Plaintiff has changed the basis for her lawsuit, the factual allegations remain as weak as they were in her Complaint.  Similarly, Plaintiff does not state what adverse employment action she has suffered, or what causal link it has to her allegedly protected activity.  She has also failed to plead sufficient facts to determine that her charge with the EEOC was timely filed.  Accordingly, Plaintiff's claims should be dismissed pursuant to Rule 12(b)(6).

---

[1]    To the extent the Court considers Plaintiff's claim under the FLSA, her claim should be dismissed under Rule 12(b)(1) because it is barred by the doctrine of sovereign immunity.  *See Alden v. Maine*, 527 U.S. 706, 712 (1999) (state sovereign immunity not precluded by FLSA for suits by private citizens for damages).

2. <u>The Court should not Consider the New Exhibits Attached to Plaintiff's Response</u>

"In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing Fed. R. Civ. P. 12(b)(6)). The court should not consider documents attached to a response to a motion to dismiss that were not attached to, or referenced in, the complaint. *Scanlan v. Texas A&M University*, 343 F.3d 533, 537 (5th Cir. 2003).

In filing her Original Complaint, Plaintiff attached a copy of the EEOC Dismissal and Notice of Rights as well as an EEOC Charge of Discrimination. Complaint, pp. 6-8. Attached to her response to Defendant's Motion to Dismiss is a different EEOC document. Doc. 6, pp. 5-9. This document is not referenced in Plaintiff's Original Complaint, and, in fact, contradicts the documentation attached to the Complaint. Therefore, the Court should not consider the additional documents attached to Plaintiff's Response in ruling on Defendant's Motion. *See Powell v. Dallas Morning News LP*, 610 F.Supp.2d 569, 577 (N.D. Tex. 2009) (holding that the trial court erred by considering documents outside of the plaintiff's complaint, and not attached thereto).

To the extent that the Court does consider this additional documentation, it should be noted that the facts included therein are in direct contradiction with the facts asserted in Plaintiff's Complaint and the Complaint's supporting documentation. Defendant reasserts that a complaint is not properly amended by a response to a motion to dismiss. *Roebuck,* 2013 WL 697383, at *4. Accordingly, even if the supporting documentation is considered, it does not bolster Plaintiff's claims under Title VII, and her claims should nonetheless be dismissed.

## III.
## CONCLUSION & PRAYER

For the reasons stated above and in Defendants' Motion to Dismiss, the Texas Health and Human Services Commission respectfully request that the Court grant its motion to dismiss in all respects. HHSC further requests that this Court dismiss Plaintiff's lawsuit against it with prejudice and tax all costs of court against Plaintiff.

    Respectfully submitted,

    GREG ABBOTT
    Texas Attorney General

    DANIEL T. HODGE
    First Assistant Attorney General

    DAVID C. MATTAX
    Deputy Attorney General for Defense Litigation

    JAMES "BEAU" ECCLES
    Chief, General Litigation Division

    /s/ *MELISSA R. HOLMAN*
    **MELISSA R. HOLMAN**
    Texas Bar No. 24064501
    Assistant Attorney General
    Texas Attorney General's Office
    General Litigation Division
    P.O. Box 12548, Capitol Station
    Austin, Texas 78711-2548
    (512) 463-2120
    (512) 320-0667 FAX
    melissa.holman@texasattorneygeneral.gov

    *ATTORNEYS FOR DEFENDANT*

## **CERTIFICATE OF SERVICE**

     I certify that a copy of the above *Reply in Support of Motion to Dismiss* was served on the **18th day of June 2013,** upon the following individual via CM/RRR:

  Florence K. Butler
  3911 Rosalind Lane
  Houston, Texas 77053

                                                   /s/*MELISSA R. HOLMAN*
                                                 **MELISSA R. HOLMAN**
                                                 Assistant Attorney General
                                                 General Litigation Division