IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FLORENCE K. BUTLER, | § |
| Plaintiff, | § |
| v. | §   CIVIL ACTION NO. H-13-1030 |
| TEXAS HEALTH AND HUMAN SERVICES COMMISSION, | § |
| Defendant. | § |

MEMORANDUM & ORDER

Pending is Defendant Texas Health and Human Services Commission's Motion to Dismiss Plaintiff's Original Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Document No. 5). After considering the motion, response, reply, sur-reply, response to the sur-reply, other filings made by Plaintiff, and applicable law, the Court concludes as follows.

I. Background

*Pro se* Plaintiff Florence K. Butler ("Plaintiff") was an employee of Defendant Texas Health and Human Services Commission ("Defendant") until her termination in May 2012.[1] Plaintiff alleges that while employed by Defendant, she was subjected to

---

[1] Document No. 1 at 8 of 8 (Complt.).

harassment and a hostile work environment based on her race (black), religion (Methodist) and age (45).[2]  In September 2010, Plaintiff filed a Charge of Discrimination ("the 2010 Charge") with the United States Equal Employment Opportunity Commission ("EEOC"), complaining of Defendant's alleged discriminatory actions.[3]  Plaintiff contends that she suffered retaliation for filing this initial charge and for filing a workers' compensation claim.[4]  Specifically, Plaintiff alleges that her requests to transfer to another department were denied in favor of younger, non-black employees, and that she was terminated on the basis of "false and exaggerated claims" concerning her performance.[5]

Plaintiff subsequently filed a second Charge of Discrimination (the "2012 Charge") with the EEOC.[6]  She did so by using EEOC Form 5, which instructed the complainant to check "appropriate box(es)" to denote the basis of the alleged discrimination.[7]  Of the nine bases for which boxes were provided, Plaintiff checked "race,"

---

[2] Id.

[3] Id.

[4] Id. at 2 of 8.

[5] Id. at 8 of 8.

[6] Id.

[7] Id.

"retaliation," "age," and "religion."[8] On January 11, 2013, the EEOC issued a Dismissal and Notice of Rights.[9]

Plaintiff now brings suit against Defendant for discriminatory discharge, disparate treatment, hostile work environment, and retaliation in violation of Title VII and the Age Discrimination in Employment Act ("ADEA").[10] Defendant moves to dismiss, arguing that Plaintiff failed to exhaust the administrative remedies and timely file an EEOC charge for her retaliation claim and that she failed to allege sufficient facts to support her retaliation and hostile work environment claims.[11] Defendant further alleges that it is immune from Plaintiff's ADEA claims.[12]

## II. Legal Standard

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or admission, its task is inevitably a limited one. See Scheuer v. Rhodes, 94 S. Ct. 1683, 1686 (1974). The issue is not whether the

---

[8] Id.

[9] Id. at 6 of 8.

[10] Document No. 1 at 8 of 8.

[11] Document No. 5 at 3-8.

[12] Id. at 3-4 n.2.

3

plaintiff ultimately will prevail, but whether the plaintiff is entitled to offer evidence to support the claims. Id.

In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint. See Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). While a complaint "does not need detailed factual allegations . . . [the] allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1964-65.

### III. Analysis

Because Plaintiff is proceeding *pro se*, her Complaint is held to a less stringent standard than if her pleadings were drafted by an attorney. Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002). It is therefore appropriate to read Plaintiff's

Complaint as consisting of her Employment Discrimination Complaint Form and the documents she attaches thereto, the EEOC Dismissal and Notice of Rights, and her 2012 Charge.[13]  *See* Clark v. Huntleigh Corp., 119 Fed. Appx. 666 (5th Cir. 2005) (analyzing attachments to *pro se* plaintiff's complaint, including EEOC charge, to find that he had adequately pleaded his discrimination claim); *see also* McGruder v. Phelps, 608 F.2d 1023, 1025 (5th Cir. 1979) ("In view of the liberality accorded to the pleadings of Pro se petitioners . . . we find that the district judge should have treated the materials filed by plaintiff on January 17, 1979, however denominated, as an amendment to his complaint or an addition in the nature of an amendment.").[14]

A. ADEA Claims

Plaintiff alleges that Defendant discriminated against her on the basis of her age in violation of the ADEA, and Defendant argues that it has immunity from such a claim under the Eleventh Amendment

---

[13] Document No. 1.

[14] Although Defendant moves to dismiss Plaintiff's claims "in their entirety," Defendant presents no argument to dismiss Plaintiff's disparate treatment and discriminatory discharge claims contained in Plaintiff's 2012 Charge, which is considered part of her Complaint. Defendant evidently did not consider the 2012 Charge as part of the Complaint or may believe that a motion for summary judgment is better suited for pretrial consideration of those claims.

to the United States Constitution.[15] "Congress has not abrogated Eleventh Amendment immunity from ADEA claims, and Texas has not voluntarily waived its immunity." Sullivan v. Univ. of Tex. Health Sci. Ctr., 217 Fed. Appx. 391, 395 (5th Cir. 2007) (holding plaintiff's suit against defendant, an arm of the state, was barred by the Eleventh Amendment). Accordingly, as Defendant is a state agency, it is immune from suit under the ADEA, and Plaintiff's claims under the ADEA are dismissed with prejudice.

B.  Retaliation Claim

Defendant moves to dismiss Plaintiff's claim that she was retaliated against for filing a workers' compensation claim.[16] A workers' compensation claim is not a protected activity under Title VII. Jimenez v. Potter, 211 Fed. Appx. 289, 290 (5th Cir. 2006) (affirming summary judgment for defendant on grounds that filing workers' compensation claim was not a 'protected activity,' as required to support plaintiff's claim that two-month demotion was in retaliation for having filed claim). Accordingly, Plaintiff's

---

[15] Id. at 8 of 8.

[16] Defendant evidently did not consider the 2012 Charge to be part of Plaintiff's Complaint, as required by the Fifth Circuit, see Clark, 119 Fed. Appx. 666; McGruder, 608 F.2d at 1025, and thus did not brief grounds to dismiss Plaintiff's claim that she was retaliated against for filing the 2010 Charge. The latter claim remains to be determined.

claim for retaliation based on the filing of a workers' compensation claim is dismissed with prejudice.

C. <u>Hostile Work Environment Claim</u>

Defendant asserts that Plaintiff has failed to state a claim for hostile work environment. Title VII is violated when a "workplace is permeated with discriminatory intimidation, ridicule, and insult . . . that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." <u>Harris v. Forklift Sys., Inc.</u>, 114 S.Ct. 367, 370 (1993) (quotation marks and citations omitted). Plaintiff alleges that she was "subjected to derogatory comments and behaviors by employees and management related to my age, race, and religion," but does not describe the contents of these statements, or point to any other incidents of intimidation, ridicule, or insult. Plaintiff has failed to allege sufficient facts to state a claim for hostile work environment.

The Federal Rules of Civil Procedure counsel that "leave to amend 'shall be freely given when justice so requires.'" <u>See</u> <u>Foman v. Davis</u>, 83 S. Ct. 227, 230 (1962) (quoting FED. R. CIV. P. 15(a)). Accordingly, Plaintiff's claim for hostile work environment is conditionally dismissed unless Plaintiff, within twenty-one (21) days after the entry of this Order files a more definite statement

in the form of a First Amended Complaint that alleges a hostile work environment claim upon which relief can be granted.[17]

IV. Order

For the foregoing reasons, it is

ORDERED that Defendant Texas Health and Human Services Commission's Motion to Dismiss Plaintiff's Original Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Document No. 5) is GRANTED as to Plaintiff's claim that she was retaliated against for filing a workers' compensation claim and her claims under the ADEA, and these claims are DISMISSED with PREJUDICE. The motion is CONDITIONALLY GRANTED as to Plaintiff's hostile work environment claim, and that claim will be DISMISSED with PREJUDICE without further order of the Court unless Plaintiff, within twenty-one (21) days after the date of the entry of this Order, files a more definite statement in the form of a First Amended Complaint that amends her hostile work environment claim to state a claim upon which relief can be granted. Defendant's motion is DENIED as

---

[17] In her Response, Plaintiff states for the first time that her claims also arise under the Fair Labor Standards Act (FLSA). Document No. 7 at 2 of 9. "When a pro se plaintiff raises a new claim for the first time in response to a motion to dismiss, the district court should construe the new claim as a motion to amend the complaint under Fed. R. Civ. P. 15(a)." King v. Life School, 809 F. Supp. 2d 572, 581 (N. D. Tex. 2011). However, Plaintiff does not explain in her Response how the FLSA was violated. If Plaintiff wishes to pursue a claim under the FLSA, she must timely file a motion for leave to amend alleging the facts underlying such a claim.

to Plaintiff's claims for retaliation for filing an EEOC charge, disparate treatment, and discriminatory discharge, which claims all remain for adjudication.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED in Houston, Texas, on this 21ST day of October, 2013.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE